KNOLL, Judge,
dissenting.
After finding that there was a drop-off of two to eight inches, the majority finds that the grassy slope is not meant for travel or emergency stopping. The majority focuses on the grassy slope. I do not disagree with the finding that the grassy slope is not meant for the traveling public — this is not the issue. The grassy slope is not the cause in fact of the accident. The issue is the shoulder which abuts the slope. The driver, Deville, was not trying to drive onto the slope. Deville inadvertently went off the shoulder under emergency conditions. That is not disputed. De- *919 ville was trying to reenter the highway gradually at a slow rate of speed; however, because of the steepness of the outside shoulder, when he did attempt to reenter, the dump truck flipped over onto the travel portion of the highway. In my view, DOTD owes a duty to the traveling public to maintain the outer shoulder under the set of facts presented herein. The shoulder drop-off was excessively steep and presented an unreasonable risk of harm; therefore, DOTD breached, its duty in not maintaining the shoulder in a reasonably safe condition.
The recent case by our Supreme Court, Holloway v. Louisiana Dept. of Transp. & Develop., 555 So.2d 1341, (La.1990) is not applicable to the case sub judice. The Holloway case involved the credibility of plaintiffs and the absence of a shoulder. The Supreme Court held that neither a drop-off from the pavement nor the shoulder contributed to the accident. In the present case, there is no dispute that the severe drop-off was the cause in fact of the accident.
For these reasons, I respectfully dissent.